# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60910
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2015

Lyle W. Cayce
Clerk

CHARLES T. BRUCE; MARY A. BRUCE,

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

Appeal from the United States Tax Court
Internal Revenue Service
No. 29005-10

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The only argument made by the Petitioners—that the limitations bar applies because the deficiency notice was issued more than three years after the tax return—is meritless. As the Tax Court reasoned, Tax Court Rule 39 expressly requires that a taxpayer specifically allege in their pleading that the period of limitations has run. The Petitioners acknowledge that they did not raise this affirmative defense in their petition. Accordingly, the Tax Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60910

concluded that the taxpayers waived any dispute as to the applicability of the three-year limitations period by not timely raising the issue. *Accord Markwardt v. Comm'r of Internal Revenue*, 64 T.C. 989, 997 (1975).

The Tax Court noted that it has the discretion to consider an issue that was not timely raised, but that it generally does not do so where the party raises the issue for the first time on brief and the court's consideration of the issue would unfairly prejudice the opposing party. The Tax Court further found that to exercise its discretion and consider the statute of limitations issue in this case would unfairly prejudice the Commissioner because the Commissioner had entered into a stipulation with the Petitioners based upon the valid assumption that the statute of limitations was not at issue because it had not been pleaded. We agree with the reasoning and conclusions of the Tax Court.

Accordingly, the judgment of the Tax Court is AFFIRMED.